**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

NATHANIEL FITZGERALD                                                                    PLAINTIFF

V.                                           3:10CV00078 SWW/JTR

TERESSA BONNER, Chief Jailer,
Crittenden County Detention Center, et al.                                        DEFENDANTS

**ORDER**

Plaintiff, Nathaniel Fitzgerald, who is currently confined in the Crittenden County Detention Center ("CCDC"), has filed a *pro se*[1] § 1983 Complaint. *See* docket entry #2. For the following reasons, he will be given thirty days to: (1) either pay the filing fee in full or file an Application to Proceed *In Forma Pauperis*; and (2) file a Substituted Complaint.

**I. Filing Fee**

The filing fee for commencing a § 1983 action in federal court is $350. Plaintiff has neither paid the filing fee nor filed an Application to Proceed *In Forma Pauperis*. If Plaintiff wishes to pursue this action, he must, within thirty days of the entry of this Order, either: (1) pay the $350

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis*,[2] along with a properly completed prisoner calculation sheet.[3]

## II.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A.  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Plaintiff has filed a virtually incomprehensible Complaint against eleven separate Defendants.  *See* docket entry #2.  Although it is unclear, it appears that Plaintiff is alleging that Defendants: (1) failed to provide him with adequate medical care for variety of medical conditions including, but not limited to, diabetes, sleep apnea, heart disease, degenerative disc disease, spider bites, cancer, and unspecified mental health problems; (2) failed to protect him from being attacked, on several different occasions, by different prisoners/detainees; (3) used excessive force against him,

---

[2]  The Prison Litigation Reform Act provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. § 1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

[3] Plaintiff must complete and sign the Application to Proceed *In Forma Pauperis*.  In contrast, the prisoner calculation sheet must be completed and signed by an authorized official at the CCDC.

on several different occasions; and (4) failed to provide him with adequate medical care for the injuries he sustained each time excessive force was used against him and each time he was attacked by another prisoner/detainee.  *Id.*  It appears that Plaintiff is also challenging the length of his criminal sentence.

Plaintiff has not specified how each of the eleven Defendants participated in each constitutional violation.  *Id.*  Additionally, he *concedes* that he has already raised several of his *unspecified* claims in four lawsuits he currently has pending in the United States District Court for the Eastern District of Arkansas.  *See Fitzgerald v. Busby*; 3:09CV00154 JLH/HLJ; *Fitzgerald v. Busby*, 3:09CV00065 SWW/BD; *Fitzgerald v. Busby*, 3:09CV00223 SWW/HLJ; *Fitzgerald v. Busby*, 3:10CV00046 BSM/HLJ.

The Complaint is in clear violation of Fed. R. Civ. P. 8(a) and (e), which specify that a complaint must contain a "short and plain statement" showing that the plaintiff is entitled to relief and that the averments set forth therein must be "simple, concise, and direct."  *See also Williams v. Harmon*, Case No. 07-3800, 2008 WL 4331125 (8th Cir. Sep. 24, 2008) (unpublished opinion) (affirming the preservice dismissal of a prisoner's § 1983 complaint that failed to comply with Fed. R. Civ. P.  8); *Chandler v. Pogue*, Case No. 02-2793, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished opinion) (same).

The Complaint is also in violation of Fed. R. Civ. P. 20(a)(2), which provides that multiple defendants may be joined in one lawsuit only if the claims against them: (1) arise "out of the same transaction, occurrence, or series of transactions and occurrences"; and (2) involve a "question of law or fact" that is "common to all defendants."[4]  *See* also Fed. R. Civ. P. 21 (providing that a court

---

[4] Consistent with this Rule, Plaintiff should understand that he cannot defeat the filing fee requirements set forth in § 1915 by joining in one lawsuit a multitude of *unrelated* and legally

may *sua sponte* "add or drop" an improperly joined party or claim).

Finally, given the complex and confusing nature of Plaintiff's unrelated claims, the Court cannot complete the screening process mandated by 28 U.S.C. § 1915A, nor will it be possible for the parties to complete discovery, file appropriate motions, or present this case to a jury in a coherent manner.

Accordingly, the Court will strike the Complaint from the record and give Plaintiff thirty days to file a Substituted Complaint that complies with Fed. R. Civ. P. 8 and 20. The Substituted Complaint must set forth *only* claims that: (1) arise out of the same incident or event; and (2) involve common questions of law or fact.[5] Additionally, the Substituted Complaint must: (1) name *only* the Defendants involved in those related claims; (2) clarify how *each* named Defendant personally participated in *each* related claim; and (3) clearly and concisely set forth the facts giving rise to each related claim, including the time and place of all relevant incidents or events.

**Finally, and most importantly, the Substituted Complaint *cannot* include any claims that Plaintiff has already raised in his currently pending lawsuits.**

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis,* along with a prison calculation sheet.

2. Plaintiff shall, **within thirty days of the entry of this Order**, either: (a) pay the $350

---

*distinct* claims involving different Defendants and time periods.

[5] For instance, each alleged incident of excessive force or failure to protect is a *separate* claim. If Plaintiff wishes to proceed with other unrelated claims, he must file them in *separate lawsuits*.

filing fee in full; or (b) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prisoner calculation sheet.

    3.      The Complaint (docket entry #2) is STRICKEN FROM THE RECORD.

    4.      Plaintiff shall file, **within thirty days of the entry of this Order**, a Substituted Complaint that complies with the Federal Rules of Civil Procedure as explained in the specific instructions contained in this Order.

    5.      Plaintiff is reminded that the failure to timely and properly comply with any portion of this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 16th day of April, 2010.

                                                             */s/ J. Thomas Ray*
                                               UNITED STATES MAGISTRATE JUDGE